[No. 3849.]

### CITY OF FORT COLLINS v. WALLACE.

CONSTITUTIONAL LAW—*Damage to Private Property by a Public Improvement*, must, under sec. 15, art. II, of the constitution, be compensated by the public.

A municipal corporation constructed and operated a public sewer in such manner as to deposit great quantities of sewage on private lands. A decree awarding damages to the property owner, and restraining the municipality from further maintaining the sewer, "as the same is now maintained so that filth and sewerage matter is caused to accumulate on or near the premises of plaintiff" affirmed.

*Appeal from Larimer District Court.* HON. HARRY P. GAMBLE, Judge.

Mr. PAUL W. LEE, for appellant.

Messrs. FLEMMING & AULT, for appellee.

CUNNINGHAM, Presiding Judge.

On October 19, 1907, appellee Wallace (hereinafter referred to as plaintiff) filed her complaint alleging ownership of two certain lots in the city of Fort Collins, and charging the defendant with having so negligently and carelessly constructed a sewer and the outlet thereof as to cause great quantities of sewerage matter to accumulate upon and near the plaintiff's premises, to her great damage. This states in substance her second cause of action. Her first cause of action having been dismissed by the court need not be further referred to.

The case was tried to the court without a jury, resulting in a decree in plaintiff's favor awarding her damages in the sum of five hundred and four dollars and a perpetual injunction restraining the city "from keeping and maintaining the said sewer as the same is now kept and maintained, so that said filth and sewerage matter is caused to flow on and accumulate on or near the premises of the plaintiff." It appears from the evidence that the immediate line of sewer pipe which discharged upon or near plaintiff's premises was a part of a system that accommodated a considerable section of the city, and that the sewerage from a large area was assembled by connecting pipe lines which converged into the particular pipe line of which complaint was made. The discharge was in an arm of the river, which ran but very little, if any, water except at certain seasons of the year, and at a point near to or upon the plaintiff's premises. The velocity of the sewerage flow was diminished, after being discharged from the pipe line into the arm of the river, from 8 feet, in the pipe line, to 1.65 feet per second. This difficulty was accentuated by boulders that were permitted to remain in the channel of the river bed,

thus further obstructing the flow of sewerage after the same had been discharged from the pipe line proper. It was but seventy-five yards from the point where the mouth of the sewer discharged into this arm of the river to the main channel. There was ample evidence to support the allegations of the plaintiff's bill touching the damage which she had suffered, and to support the judgment of the trial court in that behalf, providing, of course, that the plaintiff was entitled to recover any damage, which the city disputes, upon the theory apparently that the city, having a lawful right to construct the sewer, which was not denied, the resulting inconvenience therefrom which the plaintiff suffered was *damnum absque injuria*. This contention of the city seems to proceed upon the theory that everyone else living in that immediate vicinity, i. e., the vicinity of the plaintiff's home, suffered the same inconvenience, and if the sewer pipe was carried on to the river proper, that there were people living along its bank where the deposits would then be made, and that they would suffer like damage, and further, that to carry the pipe entirely beyond the habitable part of the city would occasion too great an expense. Of course every case of this character must be determined upon the facts and conditions which it presents, and we shall attempt to lay down no general rule governing such matters. We expressly ruled in *Pueblo v. Bradley*, 128 Pac., 888, that under section 15 of article 2 of our state constitution, when it became necessary to inflict damage upon private property in connection with public improvements, the public should make good the loss to the individual. It is not necessary for us to set forth here or quote from the authorities which we there cited and commented upon.

Technically, there may be some basis for criticizing the pleadings and the issues upon which the case was tried, but the record indicates a disposition on the part

of the trial judge to be entirely fair to both parties, and we are persuaded that his judgment, under the facts disclosed by all the evidence, fully satisfies the ends of justice, and that the same ought not to be disturbed for errors which in no manner affected the substantial rights of the parties.

*Judgment Affirmed.*